IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | 1:14cr12-3 |
| v. ) | 1:19cv363 |
| ) | **Electronic Filing** |
| **ABIODUN BAKRE** ) | |

## MEMORANDUM ORDER

AND NOW, this 23rd day of March, 2023, upon due consideration of defendant's Motion to Correct Sentence under 28 U.S.C. § 2255 and the development of the record in conjunction therewith, IT IS ORDERED that [850] the motion be, and the same hereby is, denied.

The history of this case as it relates to defendant's motion accurately is recounted in the government's response to defendant's motion to vacate. On August 8, 2016, after a complete and thorough plea colloquy, defendant pled guilty one count of conspiracy to commit fraud and nine counts of aggravated identity theft. These crimes and defendant's relevant conduct encompassed an attempted loss of $69,936,117.00. See Tentative Findings and Rulings of March 15, 2018 (Doc. No. 769) at 3. Defendant played a central role in the orchestrated scheme to steal identities and obtain cash and merchandise through false income tax returns, fraudulent lines of credit, and other means.

Defendant raises three challenges to the sentence he received:

1. Ground One: The District Court erred in sentencing the Petitioner to 87 months of imprisonment by focusing on the nature and circumstances of the offense without meaningfully considering the Petitioner's history and character.

2. Ground Two: The District Court failed to articulate a response to the parties' arguments.

3. Ground Four[1]: The Petitioner's trial attorney, Toni Messina, rendered ineffective assistance of counsel during the criminal proceedings.

---

[1] Defendant left the third section of his form motion blank, thereby precluding consideration of any basis beyond the grounds he identified in parts One, Two and Four of his motion.

The government opposes the motion on the basis that the first two grounds were litigated on direct appeal and are meritless in any event; and the claim of ineffective assistance of grounds virtually is wholly incredible given the reflection of counsel's performance in the record. We agree.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous. See Rule No. 4 of the Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that a claim for relief is without merit, it may be decided summarily without a hearing). In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id.; accord United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). Other courts have reached the same conclusion. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

It is well settled that a motion pursuant to § 2255 may not be used to relitigate matters already decided on direct appeal. <u>Government of Virgin Islands v. Nicholas</u>, 759 F.2d 1073, 1074-75 (3d Cir. 1985); <u>United States v. Orejuela</u>, 639 F.2d 1055, 1057 (3d Cir. 1981). Both the first and second grounds challenging the manner in which this court considered all of the available information on defendant's personal history and character at sentencing were issues that defendant raised on appeal. The United States Court of Appeals directly considered defendant's challenges and squarely rejected them. The Court opined:

> However, the District Court sufficiently considered Bakre's history and characteristics. The court referred to the fact that Bakre is a father, stating that the negative impact of Bakre's criminal activity on his children was "almost an aggravating circumstance." It bookended its explicit discussion of the seriousness of the offense, respect for the law, and deterrence with statements confirming that it considered the § 3553(a) factors. And it concluded that, "upon thorough review," it found "no mitigating nor aggravating factors that would justify deviation from the [G]uidelines in this case." In total, the record reflects the requisite "rational and meaningful consideration" of the § 3553(a) factors, and the District Court committed no procedural error.

<u>United States v. Bakre</u>, No. 18-1625 (3d Cir. Oct. 10, 2019) (Doc. No. 847-2 in 1:14cr12) at 5. It follows that these grounds do not supply a basis for relief under § 2255.

Defendant's third ground is equally specious. A two-part test is utilized to assess an ineffective counsel claim. See <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Flamer v. State of Delaware</u>, 68 F.3d 710, 728 (3d Cir. 1995) (quoting <u>Strickland</u>, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, which existed at the time. <u>Id.</u> The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. <u>Id.</u>

3

(citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).  The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense.  Id.  It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial.  Flamer, 68 F.3d at 728.  This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different.  In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome.'"  Id. (quoting Strickland, 466 U.S. at 694).  The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]."  Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).  Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment.  As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective.  See Weatherwax, 77 F.3d at 1432.

Defendant's third ground presents nothing more than a generalized conclusion. Defendant has not identified any specific instances of his counsel's performance amounting to some articulable form of inadequate representation.  Nor has he identified an error that even creates a specter that a different outcome might have been reached had counsel preformed some other task or undertaken some other tactic.  This is understandable because, contrary to defendant's bald assertion, counsel was quite effective in her representation of defendant given

4

all the attendant circumstances to defendant's extensive course of criminal conduct. Consequently, defendant is not entitled to relief pursuant to his claim of ineffective assistance of counsel.

It follows that defendant is not entitled to relief and the order above will be entered denying his motion.

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc:   Christian Trabold, AUSA  
　　　Molly W. Anglin, AUSA  
　　　Toni M. Messina, Esquire

　　　(*Via CM/ECF Electronic Mail*)

　　　Abiodun Bakre  
　　　USMS 83446053  
　　　MVCC  
　　　555 Geo Drive  
　　　Phillipsburg, Pa 16866

　　　(*Via United States Postal Service Mail*)